UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ROBERT BURG,

    Petitioner,

v.                                                            CASE NO:  8:13-CV-1473-T-30MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____/

## ORDER

Petitioner, Robert Burg, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1).  The Court has considered the petition and Respondents' Response (Dkt. #6).  The Court having reviewed the briefs and arguments of the parties, the Order of the post-conviction court, and the record, concludes that the petition should be denied.

Burg entered an open plea of no contest to twenty counts of possession of child pornography and three counts of transmission of harmful material to a minor by electronic device.  After going through the usual colloquy, the trial court sentenced Burg to ten years in prison.  No direct appeal was taken, but Burg did file a motion and an amended motion for post-conviction relief, which was summarily denied without a hearing.  Burg appealed and it was affirmed *per curiam* without written opinion.  *Burg v. State*, 106 So. 3d 935 (Fla. 2d DCA 2013).

Burg now timely brings his petition for writ of habeas corpus raising the following two grounds of ineffective assistance of counsel which he titles as:

**Ground One:**   Ineffective Assistance of Counsel. Plea was coerced by trial counsel. Promise of housing in Nursing Home. Advised that plea could not be withdrawn once accepted. Counsel was derelict in duty by not pushing the State to comply with defendant's right to challenge the existence and verasity (sic) of the State's evidence.

**Ground Two:**   Ineffective Assistance of Counsel. Failure to act to ensure compliance with the rules of evidence and discovery. Depositions of Mildred Smith, Rachel Kelln, Carol Willett, and Sgt. Grahning. Confessions of Robert Burg and Carol Willett. Images/tapes/other computer evidence.

Petition (Dkt. #1), p. 5 as to Ground One, and p. 7 as to Ground Two.

## Factual Background

This factual background is taken from Burg's amended motion for post-conviction relief:

A witness contacted the Sarasota County Sheriff's Department and advised that she got some CD's which she thought were blank from Carol Willette. When the child was looking at the Disks it was discovered that some of the disks contained child pornography.

On March 13, 2009 Deputy Pitman and Detective Riva interviewed Ms. Willette at the house located at 5710 Monitor Place, Sarasota, Florida. On an alleged sworn audio taped confession Ms. Willette advised that she had viewed the child pornography but did not make the cd's. Ms. Willette advised that the Defendant made the cd's and gave them to her. Ms. Willette agreed to make a controlled call to the Defendant at 13:00 hrs. on March 13, 2009. At 13:00 hrs, Deputy Pittman and Detective Riva found the Defendant at Ms. Willette's house. On a sworn audio taped confession the Defendant confessed to downloading the child pornography on the cd's and that he gave them to Ms. Willette. The Defendant also admitted to viewing child pornography.

The Defendant entered an open plea agreement in which he received 10 years Department of Corrections under the impression and advise (sic) of his counsel that misled him into believing he could not meet or be sent to the nursing home in which he was told if he plead out, he would go.

Appendix, Dkt. #10, Exhibit 2, pp. 2-3.

## **Standard of Review**

The law regarding ineffective assistance of counsel claims is well settled. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

## Discussion

**Ground One:** Ineffective Assistance of Counsel.  Plea was coerced by trial counsel. Promise of housing in Nursing Home.  Advised that plea could not be withdrawn once accepted.  Counsel was derelict in duty by not pushing the State to comply with defendant's right to challenge the existence and verasity (sic) of the State's evidence.

The post-conviction court denied ground one because it was refuted by the record. The post-conviction court cited *Scheele v. State*, 953 So. 2d 782, 785 (Fla. 4th DCA 2007) that said:

> A plea conference is not a meaningless charade to be manipulated willy-nilly after the fact; it is a formal ceremony, under oath, memorializing a crossroads in the case.  What is said and done at plea conference carries consequences.

In particular, the post-conviction court held:

> During the plea colloquy in this case, the Court took care to inquire regarding the Defendant's comprehension of the concept of an open plea. The Defendant affirmed his understanding, based on the sentencing scoresheet, that the lowest permissible sentence would be 114 month in prison and the maximum sentence could be as high as 115 years in prison.  The Defendant acknowledged his understanding that there was no guarantee that the Court would order a sentence below the guideline minimum prison sentence.  Finally, the Defendant denied that anyone had promised or told him what would be the outcome of the sentencing hearing.  Thus, a timely motion to withdraw plea in this case would have failed even if it had been filed by Defendant's counsel.

Page 4 of  10

>In any event, the possibility of filing a later motion to withdraw plea is not a factor in determining the probability that the Defendant would have insisted on proceeding to trial. Ground 1 is denied.

Order denying amended motion for post-conviction relief, Appendix, Dkt. #10, Exhibit 2, p. 4 of Order.

This Court has reviewed the transcript of the plea colloquy and finds that the order of the post-conviction court is well supported. When Burg entered his open no contest plea to the charges, he was asked the following questions by the Court and gave the following answers under oath:

>THE COURT: All right, they're all third degree felonies, and these are all filed, sir, in case number 2009-CF-7947. How do you plead?
>
>MR. BEACH (defense counsel): How do you plead?
>
>THE DEFENDANT: No contest.
>
>THE COURT: All right, Mr. Burg - - do you stipulate a factual basis, Counsel?
>
>MR. BEACH: Yes, Judge.
>
>THE COURT: All right. Mr. Burg, are you entering your plea of no contest freely and voluntarily, sir?
>
>THE DEFENDANT: Yes.
>
>THE COURT: Okay. Nobody has forced or threatened you to do this, is that correct?
>
>THE DEFENDANT: That's correct.
>
>THE COURT: Okay. Do you understand that you're entering what is called an open plea?
>
>THE DEFENDANT: Yes.

THE COURT: Meaning there is no deal worked out on this sentence here?

THE DEFENDANT: Yes.

THE COURT: Okay. And the State Attorney has given me a score sheet which shows that the - - unless the Court would - - unless I would find that there was a - - that it was proven that there was a reason to go below the guideline score sheet, that the minimum lowest possible prison sentence in this case 114 months and that the maximum is 145 years, do you understand that?

THE DEFENDANT: Yes.

THE COURT: Okay. And so do you understand if I don't find a legal reason to disregard the score sheet numbers that the minimum penalty could be 114 months in prison and the maximum sentence could be 145 years, do you understand that?

THE DEFENDANT: Yes.

THE COURT: Okay.

MR. BEACH: Judge, I actually think it's 115 years.

MS. MCHUGH: I think that's correct. I think I counted the three counts of distribution as second degree felonies.

MR. BEACH: Right.

MS. MCHUGH: So it would be 115 years would be the maximum.

THE COURT: Is the 114 months correct?

MS. MCHUGH: Yes.

THE COURT: The parties stipulate that the score sheet is now correct?

MR. BEACH: Yes, we do, Judge.

> THE COURT: Okay, all right. Well, Mr. Burg, then you understand that's a lot of - - that's a big difference in the sentence. I could go - - if I go below the guidelines, I could give you anything like probation up to 115 years, do you understand that?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: And there's no guarantee that I'm going to go below the guidelines, do you know that?
>
> THE DEFENDANT: I understand.
>
> THE COURT: Okay. All right, has anybody promised you anything that anything would happen at that sentencing - - at the sentencing hearing that we're going to set? Has anybody told you, look, this is what's going to happen?
>
> THE DEFENDANT: I'm sorry. I don't quite hear.
>
> THE COURT: Okay. Has anybody promised you, made any statements or representations as to what was going to happen at that hearing?
>
> THE DEFENDANT: No.

Transcript of plea hearing, Appendix, Dkt. #10, Exhibit 2, pp. 5-8, of transcript.

Ground one is due to be denied because Burg has not shown that the post-conviction court misapplied federal law. Burg told the Court he had not been promised anything in return for his open plea of no contest, the answer was under oath, and he will not now be heard to swear to the contrary. *Roderick v. Trickey*, 902 F. 2d 9 (8th Cir. 1990), *cert. denied*, 498 U.S. 968 (1990).

**<u>Ground Two:</u>** Ineffective Assistance of Counsel. Failure to act to ensure compliance with the rules of evidence and discovery. Depositions of Mildred Smith, Rachel Kelln, Carol Willett, and Sgt. Grahning. Confessions of Robert Burg and Carol Willett. Images/tapes/other computer evidence.

The state post-conviction court denied this ground and said:

> Ground 2 shall be denied because the Court finds that it is both refuted by the record and legally insufficient. During the plea colloquy, the Defendant's trial counsel stated that his defense of the case involved "a lot of investigation", including hiring private forensic specialists. Defense counsel's concise summary of the discovery conducted in this case is borne out by the Court's review of the record. Defense counsel moved for a statement of particulars with regard to the different images alleged to comprise the 20 counts of child pornography. In January 2010, the Court granted a continuance of the trial based, *inter alia*, upon the joint stipulation of the parties that "Defendant has cost approval for expert witnesses to view, copy, analyze, re-create and reconstruct electronic data stored on media held as evidence in the custody of the Sarasota Sheriff's Office. The authorization to view and copy these items was signed 12/4/09, and there is not enough time to be prepared for the 2/8/10 trial period." It is not essential to the evaluation of plea options that defense counsel possesses deposition transcripts.
>
> With regard to the allegations concerning the chain of custody of the disk containing the pornographic images, the Defendant's claim is legally insufficient. A party attempting to exclude relevant physical evidence based on a gap in the chain of custody must show a probability of tampering. *See Floyd v. State*, 850 So. 2d 383, 399 (Fla. 2002) (citing *State v. Taplis*, 684 So. 2d 214, 215 (Fla. 5th DCA 1996)). A bare allegation by a defendant that a chain of custody has been broken is not sufficient to render relevant physical evidence inadmissible. *See Terry v. State*, 688 So. 2d 954, 959 fn. 4 (Fla. 1996). That the evidence may have been "in various possessions" does not rise to the level of "probably tampering." *See Floyd*, 850 So. 2d at 399. Finally, the Defendant's claim that, since the computer disk passed through many hands, it would be impossible to prove that he *caused* the pornographic images misses the point that he was charged with *possession* and distribution. Accordingly, Ground 2 is denied.

Appendix, Dkt. #10, Exhibit 2, Order denying amended motion for post-conviction relief, pp. 5-6 of Order.

The post-conviction court's finding of fact that defense counsel's actions were not deficient is presumptively binding on this Court unless Burg overcomes it by showing that it is unsupported in the record. Burg has failed to meet this burden.

While Burg makes general conclusory statements about what he claims his lawyer did not do, he fails to point to any specific fact his lawyer failed to uncover and demonstrate how that fact would have changed the outcome of the proceeding. Vague, conclusory statements are insufficient to support a claim for habeas relief. *Tejada v. Dugger*, 941 F. 2d 1551 (11th Cir. 1991). And Burg fails to show how his counsel was supposed to overcome the sworn audio taped confession that Burg admits giving to police. In his amended motion for post-conviction relief, Burg states: "On a sworn audio taped confession the defendant confessed to downloading the child pornography on the cd's and that he gave them to Ms. Willette. The defendant also admitted to viewing child pornography."

Having failed to show that his counsel was either deficient in performance or that he was prejudiced by any act or omission of his counsel, Burg's petition must be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.
2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §

2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on February 10, 2014.

*[signature: James S. Moody, Jr.]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2013\13-cv-1473 deny 2254.wpd*